# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMBER HAWTHORNE,** *et al.* <br><br> **Plaintiffs,** <br><br> vs. <br><br> **UMPQUA BANK,** <br><br> **Defendant.** | Case No.: C-11-6700 YGR <br><br> **NOTICE OF TENTATIVE RULING ON MOTION TO DISMISS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON THE MOTION OF UMPQUA BANK TO DISMISS CERTAIN CLAIMS, SET FOR HEARING ON MAY 1, 2012, AT 2:00 P.M.:

The Court has reviewed the parties' papers and is inclined to grant in part and deny in part the motion to dismiss. This is a *tentative* ruling and the parties still have an opportunity to present oral argument. Alternatively, if the parties JOINTLY stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.

The Court **TENTATIVELY GRANTS IN PART AND DENIES IN PART** the Motion of Defendant Umpqua Bank ("the Bank" or "Defendant") to Dismiss (Dkt. No. 18), as follows:

1.  Defendant moves to dismiss Plaintiffs' fifth claim for violation of California's Unfair Competition Law, Business & Professions Code §17200 ("UCL"). California's Unfair Competition

Law, Business & Professions Code §17200 ("UCL"), prohibits business acts or practices that are "unlawful," "unfair," or "fraudulent." Each of these three categories constitutes a separate and independent claim. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999). Plaintiffs allege that the conduct detailed in the complaint was prohibited under all three prongs. The motion here is directed only as to the fraudulent prong.[1]

Heightened pleading requirements under Federal Rule of Civil Procedure 9(b) apply to a UCL claim. *Kearns v. Ford Motor Co.,* 567 F.3d 1125 (9th Cir. 2009). "[t]he determination as to whether a business practice is deceptive is based on the likely effect such [a] practice would have on a reasonable consumer." *Morgan v. AT & T Wireless Services, Inc.,* 177 Cal.App.4th 1235, 1256, 99 Cal.Rptr.3d 768 (2009); *see also Gutierrez v. Wells Fargo Bank, N.A.*, 730 F. Supp. 2d 1080, 1127 (N.D. Cal. 2010) (finding that bank's deceptive account agreements and statements with respect to overdraft fee posting order constituted a fraudulent practice under the UCL). Moreover, the California Supreme Court has held, "[w]hile a plaintiff must show that the misrepresentation was an immediate cause of the injury-producing conduct, the plaintiff need not demonstrate it was the only cause." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (2009). If the misrepresentation or nondisclosure played a substantial part or was a substantial factor in plaintiff's harm, reliance is shown. *Id.* "[A] presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material." *Id., citing Engalla v. Permanente Medical Group, Inc.,* 15 Cal.4th 951, 976-77 (1997). Further, the question of whether a misrepresentation is material is generally one of fact unless no reasonable jury could find that a person would be influenced by the representation or nondisclosure. *Id.*

---

[1] Although the Motion indicates that it is seeking to dismiss under the unfairness prong as well, no argument was offered in support of this request, and no mention of it is made in the reply. (See Motion, Dkt. No. 19, at 8-9; Reply, Dkt. 29, at 6-8.)

The Court finds that the allegations here adequately allege a violation of the UCL's fraudulent conduct prong. Plaintiffs allege that the Bank used misleading account agreements which falsely led customers to believe that overdraft fees would only be charged when there were not sufficient funds in the account to cover a debit at the time it was made. They also allege misrepresentations regarding posting order in the Bank's account statements that hide the Bank's high-to-low posting practices. Further, Plaintiffs allege that they have paid excessive fees and suffered damage as a result of those practices by the Bank. These allegations give rise to at least an inference that Plaintiffs relied on the representations of the Bank and incurred excessive fees as a result. At the pleading stage, this is sufficient. Accordingly, the motion is DENIED as to Plaintiffs' fifth claim for violation of the UCL.

2.      Defendant moves to dismiss Plaintiffs' third claim for relief based upon conversion. "Conversion is the wrongful exercise of dominion over the property of another." The elements of a claim for conversion are plaintiffs' right to possession and defendant's wrongful act or disposition taking the property or applying it to his own use. *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 451-52, 61 Cal. Rptr. 2d 707 (1997). "Money can be the subject of an action for conversion if a specific sum capable of identification is involved." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 452 (1997). While a bank cannot be charged with conversion for using customers' deposits in conducting its business, the bank remains "obligated to pay the debt reflected by the balance of the deposited funds upon its depositor's demand." *Morse v. Crocker Nat'l Bank*, 142 Cal. App. 3d 228, 232 (1983) (*citing Union Tool Co. v. Farmers etc. Nat. Bank*, 192 Cal.40, 53 (1923)). Here, Plaintiffs allege that Bank has collected for itself specific and readily identifiable funds from their accounts to pay for wrongfully collected overdraft fees and that it continues to retain these funds without their consent. There is no indication that the Bank intends to return those funds. These allegations are sufficient to state a claim for conversion. The motion to dismiss the third claim for relief is DENIED.

3

3.      Defendant moves to dismiss Plaintiffs' fourth claim arguing that unjust enrichment is not a cognizable claim for relief and that, even if it were, such a claim cannot be stated when Plaintiffs have alleged the existence of an express contract covering the same subject.  The weight of authority, and indeed the authority apparently most similar to the allegations here, supports a determination that "unjust enrichment" is a proper claim for relief, or cause of action, under California law.  In a California case similar to the one at bar, the court of appeal held that "unjust enrichment" was a cause of action. *Hirsch v. Bank of Am.*, 107 Cal. App. 4th 708, 721-22, 132 Cal. Rptr. 2d 220, 229-30 (2003) (valid claim for unjust enrichment stated where banks collected and retained excessive fees passed through to them by title companies at the expense of plaintiffs).  Both the California Supreme Court and the Ninth Circuit have discussed unjust enrichment as a cause of action. *See Ghirardo v. Antonioli*, 14 Cal. 4th 39, 54 (1996) (cause of action for unjust enrichment was properly pleaded where a plaintiff alleged a common count for payment of money resting on a theory of unjust enrichment); *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) ("[u]nder both California and New York law, unjust enrichment is an action in quasi-contract").

Further, California law permits claimants to plead alternative theories of recovery, as do the Federal Rules.  Fed. Rules Civ. Proc. 8(d)(2) and 8(a)(3); *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D.Cal. 1999); *see also In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1321 (S.D. Fla. 2010) (while plaintiffs could not prevail on inconsistent theories of breach of contract and unjust enrichment, they are entitled to advance both claims, in the alternative, in their pleading).  Though Plaintiffs may be required to elect their remedies at a later stage, at the pleading stage their claim for restitution based upon unjust enrichment may be pleaded in the alternative to their contract claim.

Based upon the foregoing, the motion to dismiss the claim for unjust enrichment is DENIED.

4

4. Defendant moves to dismiss Plaintiffs' claim second claim for unconscionability. Plaintiffs allege that a number of the Bank's "policies and practices" were unconscionable, and therefore unenforceable as a matter of law, and that they have sustained damages as a result of these policies and practices. (FAC ¶¶ 99, 101.) Defendant argues that there is no claim for relief for "unconscionability" under California law, but is only a defense to enforcement of a contract. Further, Plaintiffs have policies and practices of which they complain were ended prior to the filing of this complaint, and that they are no longer the Bank's customers, eliminating any basis for prospective declaratory relief.

Plaintiffs concede that "ordinarily there is not a claim for damages based upon unconscionability" but argue that the unusual circumstances here – that the "defense" can never be raised because the bank does not need to take any action to enforce its contract, but may simply deduct the amounts from Plaintiffs' accounts – weigh in favor of allowing an affirmative action for damages, citing *In re Checking Account Overdraft Litigation*, 694 F.Supp.2d 1302, 1318-19 (S.D. Fla. 2010). In that case, the Southern District of Florida court allowed plaintiffs to proceed on an affirmative claim of unconscionability. *Id.* at 1318. The court acknowledged that unconscionability was normally only asserted as a defense to enforcement of a contract, rather than as an affirmative claim. Nevertheless, the court was persuaded that it could utilize its equitable powers to fashion a remedy for the banks' past enforcement of unconscionable terms, and that a declaration of unconscionability might bear on the legal status of contractual terms that Defendant sought to enforce. *Id.* However, it so found with the caveat that the matter could be raised "so long as there is an actual controversy between the parties." *Id.* at 1318, *citing Eva v. Midwest Nat'l Mortg. Banc, Inc.* 143 F.Supp.2d 862, 895 (N.D. Ohio 2001).

Here, there is no ongoing enforcement of the contract terms, as Plaintiffs admit, and thus no basis for prospective declaratory relief. California courts do not recognize a cause of action for unconscionability per se, nor an affirmative claim for relief under Civil Code §1670.5. *See California Grocers Assn. v. Bank of Am.*, 22 Cal. App. 4th 205, 217-18 (1994). Nor is there the "unusual" circumstance that Plaintiffs would be left with no remedy if the prior enforcement of the contract was deemed unconscionable, as they have pleaded an Unfair Business Practices claim based upon the identical allegations. *Id.* at 218 (assuming, without expressly deciding, that an unconscionable contract would establish a basis for an "unfair" business practice claim under the UCL). Thus, the "unusual circumstances" present in the *In re Checking Account Overdraft Litigation* do not persuade this Court that a claim for unconscionability can be stated here.

For these reasons, the motion to dismiss as the Second Claim for Relief for Unconscionability is GRANTED.

Therefore, the Court *tentatively* Orders the following:

Defendant's Motion to Dismiss is granted in part and denied in part;

1)   The motion to dismiss the second claim for unconscionability is GRANTED;

2)   The motion to dismiss the third, fourth and fifth claims is DENIED;

3)   Defendant shall have 21 days to file and serve its answer to the first amended complaint.

No later than **5:00 p.m.** on **Monday, April 30, 2012**, the parties may JOINTLY stipulate in writing to entry of this tentative ruling. If the parties so stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court. Otherwise, the hearing will take place as scheduled.

**IT IS SO ORDERED.**

1
2  Date: April 26, 2012
3  _____
   **YVONNE GONZALEZ ROGERS**
4  **UNITED STATES DISTRICT COURT JUDGE**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28