1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   AMBER HAWTHORNE, et al.,                   Case No.  11-cv-06700-JST

                    Plaintiffs,
8
                                              **ORDER GRANTING MOTION FOR**
9          v.                                 **LEAVE TO FILE THIRD AMENDED**
                                              **COMPLAINT**
10  UMPQUA BANK,
                                              Re: ECF No. 61
                    Defendant.
11

12

13          Before the Court is Plaintiffs' Motion for Leave to File a Third Amended Complaint, ECF

14  No. 61.  The Court will grant the motion.

15  **I.      BACKGROUND**

16          Plaintiffs filed this proposed national class action in December 2011 against Defendant

17  Umpqua Bank based on allegations that Umpqua misled its customers by representing that

18  transactions post to their checking accounts in chronological order when, in fact, Umpqua Bank

19  reorders them to maximize the number of transactions that will result in overdraft fees.  The

20  Court's July 11, 2013 Scheduling Order set a deadline for amendment of pleadings of November

21  15, 2013.  ECF No. 53.

22          On October 25, 2013, the Court granted in part and denied in part Umpqua's motion for

23  judgment on the pleadings.  ECF No. 58.  The Court dismissed Plaintiffs' claims for violation of

24  the unfair prong of Cal. Bus. & Prof. Code § 17200, breach of the covenant of good faith and fair

25  dealing, breach of contract, and unjust enrichment.  The Court denied Umpqua's motion for

26  judgment on Plaintiffs' claims for violation of the fraudulent and unlawful prongs of Cal. Bus. &

27  Prof. Code § 17200, and conversion.

28          Plaintiffs now seek to file a third amended complaint for two purposes: (1) to "conform"

United States District Court
Northern District of California

the operative complaint to the Court's ruling, and (2) to add five paragraphs to the complaint concerning Plaintiffs' argument that Umpqua's concealment of its conduct resulted in the tolling of the statute of limitations.  The new paragraphs are paragraph numbers 42 and 80–84.  See ECF No. 61-1 (Prop. Third Am. Compl.).  Plaintiffs do not propose to change the class definition, which includes "[a]ll Umpqua customers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, incurred an overdraft fee . . . ."  Nevertheless, the additional allegations assert that "any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled" due to Umpqua's conduct.  ECF No. 61-1 ¶ 84.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires."  The policy in favor of permitting amendments to pleadings is "'to be applied with extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  The Ninth Circuit considers four factors in determining whether leave to amend should be given: undue delay, bad faith, prejudice, and futility.  Id. (citing Foman v. Davis, 371 U.S. 178 (1962) (discussing factors)).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  Id.

## III.  DISCUSSION

Umpqua opposes Plaintiffs' motion for leave to amend with respect to the paragraphs Plaintiff seeks to add concerning the tolling of the statute of limitations, arguing that the proposed amendment is untimely, prejudicial, and futile.

### A.  Undue Delay, Bad Faith, and Prejudice

Umpqua does not allege that Plaintiffs' proposed amendment is made in bad faith. However, Umpqua argues Plaintiffs unduly delayed in moving for leave to amend to add allegations concerning the statute of limitations twenty-three months after this case was filed and only after two Rule 12 motions were briefed and decided.

Plaintiffs' motion was filed before the Court's deadline for amendment of pleadings.

United States District Court
Northern District of California

Opening class certification expert reports are due shortly, Plaintiffs' class certification motion is due March 20, 2014, and the hearing on that motion is currently scheduled for June 5, 2014. By stipulation of the parties, the Court will not set the remainder of the case schedule, including the date of the close of fact discovery and the trial date, until after the class certification motion is decided.

In assessing delay, courts "do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006). Instead, courts must ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990).

It is apparent that Plaintiffs were aware of the facts alleged in their proposed Third Amended Complaint long before the amendment was offered — indeed, the additional allegations supplement others already contained within Plaintiffs' other complaints concerning Umpqua's concealment of its conduct. The difference between the original complaint and the proposed Third Amended Complaint is that the latter adds an express assertion that the statute of limitations must be tolled by virtue of Umpqua's conduct. Consequently, the Court finds that Plaintiffs delayed in proposing their amendment beyond the date when they were made aware of the facts they now propose to allege.[1]

Plaintiffs do not provide a justification or explanation for their delay. Instead, they point out that the pleadings in this case were only recently settled. That argument only underlines the fact that Plaintiffs failed to add the subject allegations while their complaint was otherwise subject to Court review. The Court concludes that Plaintiffs delayed unduly in seeking to amend.

Generally speaking, however, a showing of delay alone will not justify denial of leave to amend. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987). Because the Court

---

[1] In making this determination, the Court has not the statements allegedly made by Plaintiffs' counsel during the parties' settlement discussions. See Jacobs Decl., ECF No. 63 ¶ 11. The statements in question are inadmissible, and Umpqua's reliance on Federal Rule of Evidence 408(b) is without basis.

United States District Court
Northern District of California

1   does not find bad faith, futility, or significant prejudice to the Defendant, the Court finds that

2   Plaintiffs' delay, though unexcused, is not sufficient grounds to deny their motion to amend.

3          Umpqua relies heavily on the Ninth Circuit's decision in <u>AmerisourceBergen</u>.  In that case,

4   the plaintiff sued a drug supplier for breach of contract based on allegations that the supplier had

5   provided it counterfeit Epogen S40.  The defendant counterclaimed based on the plaintiff's

6   withholding of payments for both Epogen and non-Epogen drugs.  In its answer, the plaintiff

7   conceded that, as to non-Epogen drugs, it had withheld payments even though the drugs were

8   genuine.  Twelve months after the complaint was filed, and after the defendant moved for

9   judgment on the pleadings with respect to the concession in the plaintiff's answer, the plaintiff

10  moved for leave to amend its answer, asserting for the first time that one of the non-Epogen drugs

11  was tainted.  Although the motion for leave to amend was filed within the time allotted for

12  amendments in the scheduling order, the district court denied leave, and the Ninth Circuit

13  affirmed, because the plaintiff knew of the potential that the non-Epogen drug was not genuine

14  three months before the case was filed.  The Ninth Circuit also found it relevant that the plaintiff

15  did not explain its tardiness.  Crucially, even though eight months remained in the discovery

16  period, the Ninth Circuit found that amendment would have required the parties "to scramble and

17  attempt to ascertain whether the Procrit purchased by AmerisourceBergen was tainted," which

18  "would have unfairly imposed potentially high, additional litigation costs on [the defendant] that

19  could have easily been avoided had [the plaintiff] pursued its 'tainted product' theory in its

20  original complaint or reply."  <u>AmerisourceBergen</u>, 465 F.3d at 953.

21         Though Plaintiffs' conduct here bears some similarity to the conduct in

22  <u>AmerisourceBergen</u>, there are two relevant distinctions.  First, unlike in <u>AmerisourceBergen</u>, the

23  close of fact discovery has not yet been set, and the merits discovery period has not yet begun in

24  earnest, as the parties are currently focused on class certification.  Umpqua asserts that its class

25  certification expert reports and litigation strategy would be affected by Plaintiffs' proposed

26  amendment, but it fails to explain why.  It is unlikely that the Courts' evaluation of Plaintiffs'

27  forthcoming motion for class certification will be significantly affected by Plaintiffs' attempt to

28

United States District Court
Northern District of California

4

1   lengthen the class period based on Plaintiffs' theory of fraudulent concealment.[2]

2          Second, Plaintiffs here do not seek to add a new legal claim or radically alter the litigation.

3   The only effect Plaintiffs' proposed amendment would have on the case is to lengthen the class

4   period.  Umpqua argues that such lengthening constitutes prejudice because Plaintiffs' proposed

5   amendment will expand the scope of discovery.  But Umpqua does not argue that the additional

6   discovery cannot be completed within the fact discovery period.  Nor does Umpqua claim that the

7   amendment will render any discovery already conducted superfluous or any expense undertaken

8   by the parties unnecessary.  Instead, Umpqua argues that discovery going beyond the statute of

9   limitations will cost more than discovery conducted under the currently-alleged limitations period.

10  The parties only recently moved beyond the pleading stage, and ample time remains in the case

11  schedule to conduct the necessary discovery.

12         Unlike in AmerisourceBergen, Plaintiffs' proposed amendment will not require the parties

13  to "scramble" to conduct discovery, nor does Umpqua explain how the litigation and discovery

14  costs it claims are prejudicial could have been avoided had Plaintiffs included the proposed

15  additional allegations in their original complaint.  For example, Umpqua states that it relied on

16  Plaintiffs' original class period when it "incurred significant expense having its consultant gather

17  and analyze the transaction level data from its computer servers from the time period between

18  2006 and October 2010."  Opp., ECF No. 62 at 9.  But Umpqua fails to explain either (1) how this

19  expense would have been avoided had Plaintiffs alleged the expanded class period in their original

20  complaint, or (2) how Plaintiffs' delay would result in greater overall expense.[3]  Expanding the

21  scope of discovery to include transaction level data prior to 2006 does not render the discovery

22  already undertaken unnecessary, nor does Umpqua argue that it could have undertaken its

23

24  [2] The Court notes, however, that Plaintiffs will need to revise their class definition for purposes of
25  class certification to conform with Plaintiffs' proposed class period, which remains defined by
    reference to the statute of limitations.
26
27  [3] In addition, the transactional data was produced in connection with mediation efforts.  It is not
    clear from the record whether Plaintiffs have yet formally requested transactional data pursuant to
28  Rule 26.  Cf. ECF No. 66 at 8 ("Plaintiffs have not yet demanded that Umpqua produce account-
    level transactional data for the entire class period.").

United States District Court
Northern District of California

1    discovery efforts through lesser overall expense had it known of the expanded class period from

2    the inception of the litigation.  Although Plaintiffs delayed significantly in proposing their

3    amendment, Umpqua has not established that the delay has imposed any additional costs or legal

4    prejudice.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) ("[D]elay, by

5    itself, is insufficient to justify denial of leave to amend."); In re TFT-LCD (Flat Panel) Antitrust

6    Litig., No. 07-1827-SI, 2012 WL 6126144, at *2 (N.D. Cal. Dec. 10, 2012) (permitting

7    amendment to add equitable tolling allegations after significant delay because "delay alone is an

8    insufficient reason to deny leave to amend.").

9         The remainder of Umpqua's cases are similarly distinguishable; in each of them, the

10   plaintiff sought to amend at a stage of the litigation where expanded discovery would be

11   prejudicial.  See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798–99 (9th Cir. 1991) (amendment not

12   permitted where plaintiffs sought to add money damages claims eight months after summary

13   judgment was granted against plaintiff, after discovery was over, and four and a half months prior

14   to trial); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1389 (9th Cir. 1990) (same, where plaintiff

15   sought to add new claims twelve months after the close of fact discovery, and eighteen months

16   after the suit was filed, because new discovery would constitute prejudice); Kaplan v. Rose, 49

17   F.3d 1363, 1370 (9th Cir. 1994) (same, where plaintiff sought to amend at summary judgment

18   when discovery had closed and trial was two months away).  Here, though Plaintiffs delayed

19   significantly in seeking amendment, the bulk of the fact discovery period remains.

20        Consequently, the Court finds that Plaintiffs' proposed amendment does not prejudice

21   Umpqua, and is therefore not untimely.

22        **B.    Futility**

23        Umpqua also argues that Plaintiffs' proposed amendment is futile.  Plaintiffs seek to assert

24   two equitable tolling arguments with respect to the statute of limitations: the delayed discovery

25   rule, and the fraudulent concealment doctrine.

26        The delayed discovery rule "delays accrual of certain causes of action until the plaintiff has

27   actual or constructive knowledge of facts giving rise to the claim."  Snapp & Assocs. Ins. Servs.,

28   Inc. v. Malcolm Bruce Burlingame Robertson, 96 Cal. App. 4th 884, 891 (2002).  The fraudulent

United States District Court
Northern District of California

1    concealment doctrine is a "close cousin" of the delayed discovery rule.  Bernson v. Browning-

2    Ferris Indus., 7 Cal. 4th 926, 931 (1994).  That doctrine holds that "'the defendant's fraud in

3    concealing a cause of action against him tolls the applicable statute of limitations, but only for that

4    period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the

5    exercise of reasonable diligence, should have discovered it.'"  Id. (quoting Sanchez v. South

6    Hoover Hospital, 18 Cal. 3d 93, 99 (1976)).

7            To invoke the delayed discovery rule, the plaintiff must plead facts showing: (a) lack of

8    knowledge; (b) lack of means of obtaining knowledge despite the exercise of due diligence; and

9    (c) how and when the conduct was discovered.  General Bedding Corp. v. Echevarria, 947 F.2d

10   1395, 1397 (9th Cir. 1991).  Similarly, in order to establish fraudulent concealment, a plaintiff

11   must plead facts showing "(1) when the fraud was discovered; (2) the circumstances under which

12   it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no

13   actual or presumptive knowledge of facts sufficient to put him on inquiry."  Baker v. Beech

14   Aircraft Corp., 39 Cal. App. 3d 315, 321 (1974).  "[B]ecause fraud is the underlying theory of the

15   doctrine of fraudulent concealment, the heightened pleading requirements of Fed. R. Civ. P. 9(b)

16   applies."  Rambus Inc. v. Samsung Electronics Co., Ltd., No. 05-cv-02298-RMW, 2007 WL

17   39374, at *6 (N.D. Cal. Jan. 4, 2007).  Nevertheless, the question of whether a plaintiff knew or

18   should have known is generally left to the jury unless no reasonable jury could find in favor of the

19   plaintiff.  Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 275 (9th Cir. 1988).

20           Analyzing a single paragraph of the proposed Third Amended Complaint, Umpqua argues

21   that Plaintiffs' proposed Third Amended Complaint fails adequately to plead the "time and

22   manner of discovery" of the facts underlying Plaintiffs' claims, and the circumstances that excused

23   Plaintiffs' failure to have made an earlier discovery.  Umpqua's reading is too narrow.  Plaintiffs

24   adequately allege that Umpqua re-ordered transactions without disclosing the re-ordering to its

25   customers, that Umpqua's overdraft disclosure is misleading, that Umpqua's monthly bank

26   account statements list smaller items as being paid first even though larger items posted to

27   accounts first, that Umpqua failed to disclose to customers that it groups transactions together

28   across more than one day before re-ordering them, and that customers cannot, through reasonable

United States District Court
Northern District of California

1   diligence, determine how overdraft fees were calculated or how transactions were ordered, nor can

2   customers determine through reasonable diligence the starting balance in their accounts on any

3   given day.  Third Am. Compl., ECF No. 61-1 ¶¶ 5, 36, 38, 46, 53, 68–84.

4         Umpqua argues that the overdraft charges put Plaintiffs on notice of the facts underlying

5   their claims.  To the contrary, the proposed Third Amended Complaint plausibly alleges that the

6   charges alone were insufficient to put Plaintiffs and the proposed class on notice of Umpqua's

7   conduct because Umpqua's customers could not determine how the charges were calculated, and

8   Umpqua's disclosures allegedly misled its customers with respect to how Umpqua posted

9   transactions.  Plaintiffs also adequately allege that the proposed class and named Plaintiffs could

10  not have learned of the facts underlying their claims until the original complaint was prepared and

11  this action was filed.

12        Consequently, the Court finds that Plaintiffs' proposed amendment is not futile.

**IV.    CONCLUSION**

14        For the foregoing reasons, Plaintiffs' Motion for Leave to File the Third Amended

15  Complaint is hereby GRANTED.  Plaintiffs shall file their Third Amended Complaint within

16  seven days from the date of this Order.

17        **IT IS SO ORDERED.**

18  Dated:  January 26, 2014

19                                                          _____

20                                                          JON S. TIGAR
                                                            United States District Judge

*United States District Court*
*Northern District of California*

8